IN THE DISTRICT COURT OF THE UNITED STATES FOR
THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Holly P. Simpson, *as Special Administrator of the Estates of Pedro Cobix Zapo, Fernando Olea Cano, Juan Osario Castillo, and Alfonso Jimenez Maldonado*, Plaintiff, v. Harbor Freight Tools USA Inc.; Does 1 through 50, *inclusive*, Defendants. | ) | Case No. 6:26-cv-02210-SAC **<u>OPINION AND ORDER</u>** |

This matter is before the Court on a Motion to Dismiss Certain of Plaintiffs' Claims and Strike or Dismiss Punitive Damage Claims filed by Defendant Harbor Freight Tools USA Inc. ("Harbor Freight") pursuant to Rules 12(b)(6) and 12(f) of the Federal Rules of Civil Procedure. ECF No. 6. Plaintiff Holly P. Simpson, *as Special Administrator of the Estates of Pedro Cobix Zapo, Fernando Olea Cano, Juan Osario Castillo, and Alfonso Jimenez Maldonado* ("Simpson"), filed a response, ECF No. 9, and Harbor Freight filed a reply, ECF No. 12. For the reasons stated below, Harbor Freight's Motion to Dismiss and to Strike is GRANTED IN PART and DENIED IN PART.

## BACKGROUND[1]

### I. Factual Background

This case arises from a tragic incident in which four men died of carbon monoxide poisoning while sleeping in their home in Greenville, South Carolina on January 29, 2023. ECF

[1] All facts in this Background section are taken directly from the Complaint and are accepted as true for the purposes of this Motion.

No. 1-1 ¶ 17. Simpson, serving as the personal representative of Pedro Cobix Zapo, Fernando Olea Cano, Juan Osorio Castillo, and Alfonso Jimenez Maldonado (collectively, "Decedents"), claims their deaths were caused by a defective Predator 3500 portable generator sold by Harbor Freight (the "Subject Generator"). *Id.* Simpson alleges Harbor Freight "knowingly placed the subject portable generator on the market [knowing it] would cause injury or death through carbon monoxide poisoning." *Id.* ¶ 18. Harbor Freight allegedly "knew about these risks as long as they sold the [Subject Generator]." *Id.* ¶ 36. Prior to the date of the incident, Harbor Freight is alleged to have manufactured, distributed, and sold other portable generator models with a carbon monoxide cut-off sensor switch — which Simpson alleges would have prevented the tragic deaths here — but knowingly failed to implement these available safety mechanisms on the Subject Generator. *Id.* ¶ 20.

## II. Procedural History

This action was originally brought in California state court on January 28, 2025, by ten heirs and/or successors in interest to Decedents. *See* ECF No. 7-1.[2] The plaintiffs asserted claims for: (1) strict products liability; (2) negligence- wrongful death and product liability; (3) breach of warranty; and (4) survival for Fernando Olea Cano and Pedro Cobix Zapo. *Id.* After the action had been pending for ninety-four days, the California court granted a motion to dismiss filed by Harbor Freight on the grounds of *forum non conveniens*, holding that in the interest of substantial justice the action should be heard in South Carolina. ECF No. 7-5. In its motion to dismiss, Harbor Freight stated it was "willing to toll all statutes of limitations applicable to plaintiffs' asserted causes of action for the time the action" was pending in California. ECF No. 7-3 at 7, 13. The

[2] The Court takes judicial notice of all filings in the California action. *See Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of matters of public record.").

California Order noted that Harbor Freight expressed willingness to toll the applicable statutes of limitation for this time period (ninety-four days). ECF No. 7-5 at 5 ("Defendant is willing to stipulate its submission to jurisdiction in South Carolina and tolling all statutes of limitations applicable to plaintiffs' asserted causes of action for the time the action has been pending in California."). However, the parties did not enter into a tolling agreement or otherwise memorialize an agreement to toll the statutes of limitations.

On Monday, May 4, 2026 — three years and 95 days after the incident occurred — Simpson filed the instant action in the Sumter County Circuit Court of Common Pleas. ECF No. 1-1. Simpson, as special administrator of the estates of Decedents, asserts claims for: (1) strict products liability, (2) negligence- product liability, (3) breach of warranty, and (4) survival (all Decedents). *Id.* ¶¶ 38-122. The Complaint is largely identical to the California complaint except for the two new survival actions. *Compare* ECF No. 7-1 *with id.* The Complaint seeks damages for both wrongful death and survival claims under each cause of action, in addition to asserting a separate survival cause of action. ECF No. 1-1 ¶¶ 63-66, 85-88, 109-12, 120-22. Harbor Freight subsequently removed the action to this Court and filed its Motion to Dismiss Certain of Plaintiffs' Claims and Strike or Dismiss Punitive Damages Claims. ECF Nos. 1; 6.

## STANDARD OF REVIEW

### I. Rule 12(b)(6)

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state only "a plausible claim for relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. In other words, the plausibility standard requires a petitioner to articulate facts that, when accepted as true,

demonstrate that the petitioner has stated a claim that makes it plausible the petitioner is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Lab'ys, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). Rule 8 of the Federal Rules of Civil Procedure requires a party to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 8(a), "specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citation modified).

**II. Rule 12(f)**

The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter either on its own motion or on motion made by a party before responding to the pleading, or if a response is not allowed, within 21 days after being served with the pleading. Fed. R. Civ. P. 12(f). In considering a motion to strike, "the court must view the pleading under attack in the light most favorable to the pleader." *Crowder v. Blythe Constr. Inc.*, No. 7:22-cv-02605-DCC, 2023 WL 1860173, at *2 (D.S.C. Feb. 9, 2023) (citation modified). Though disfavored, courts have broad discretion in ruling on motions to strike. *Benedict v. Hankook Tire Co., Ltd.*, No. 3:17-cv-109, 2018 WL 936090, at *1 (E.D. Va. Feb. 16, 2018).

## ANALYSIS

Harbor Freight moves to dismiss Simpson's wrongful death claims as untimely because the Complaint was filed "long after" the applicable three-year limitations period expired and one day after the 94-day tolling period to which Harbor Freight was willing to agree expired. ECF Nos. 6; 6-1. Harbor Freight further moves to strike Simpson's requests for punitive damages as

barred and/or inadequately pled. *Id*. The Court will address each argument in turn.

**I. Whether the Applicable Statute of Limitations Bars Simpson's Wrongful Death Claims**

First, Harbor Freight argues Simpson's wrongful death claims[3] are time-barred. ECF No. 6-1 at 11-15. The incident at issue in this case occurred on January 29, 2023, and the three-year South Carolina limitations period thus expired on January 29, 2026. *See* S.C. Code Ann. § 15-3-530. Even if this period were tolled for 94 days by agreement — which Harbor Freight does not concede — the deadline to file the wrongful death claims was Sunday, May 3, 2026. Because Simpson filed the Complaint on Monday, May 4, 2026, Harbor Freight argues the claims are time-barred. ECF No. 6-1 at 11-17. In response, Simpson claims she was entitled to an extra day under Rule 6 of the Federal Rules of Civil Procedure, which states that any time period "specified in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time" continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday. ECF No. 9 at 7-8; *see* Fed. R. Civ. P. 6(a)(1)(C). Simpson argues that because the California court adopted Harbor Freight's willingness to toll the limitations period for ninety-four days in its Order dismissing the case, Rule 6 applies to allow Simpson to assert the wrongful death claims one day later, on Monday, May 4, 2026. ECF No. 9 at 7-8. Simpson alternatively argues equitable tolling should apply. *Id*. at 13-19.

The issue before the Court is undoubtedly unusual. As discussed above, this action was originally filed in California state court on January 28, 2025. ECF No. 7-1. After the action had been pending for ninety-four days, the court entered an order granting Harbor Freight's motion to dismiss on the grounds of *forum non conveniens*. ECF No. 7-5. In its Order, the California court

[3] Harbor Freight does not contend the survival claims are untimely, as those claims are subject to a three-year limitations period, plus an automatic eight-month tolling period. ECF No. 6-1 at 2 n.1; *see* S.C. Code Ann. § 62-3-109.

noted that Harbor Freight was "willing to stipulate its submission to jurisdiction in South Carolina and tolling all statutes of limitations applicable to plaintiffs' asserted causes of action for the time the action has been pending in California." *Id*. at 5. However, it is clear from the record that the parties did not enter into a tolling agreement or otherwise memorialize an agreement to toll the statutes of limitations.

As an initial matter, the Court is not convinced the wrongful death claims were tolled for ninety-four days. Upon examination of the California court order dismissing the action, the court did not order any tolling of the statute of limitations. *See generally* ECF No. 7-5. Rather, the court appeared to consider Harbor Freight's *willingness* to toll the statute of limitations for the limited purpose of determining that South Carolina was a suitable alternative forum.[4] *Id*. at 5. The minute order therefore contained no operative tolling provision, nor did the parties execute or otherwise enter into a tolling agreement.

However, even assuming Harbor Freight's representation was a binding stipulation such that the limitations period was tolled for ninety-four days, any such agreement would not be governed by Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(a) specifically applies when computing a time period specified in "these rules, in any local rule or court order, or in any statute."

[4] In making this finding, the court cited *Roman v. Liberty University, Inc.*, 75 Cal. Rptr. 3d 828 (Cal. Ct. App. 2008), recounting that the court accepted the representation of an officer of the court as equivalent to a stipulation that the defendant will not raise a statute of limitations defense. ECF No. 7-5 at 5. However, like the order in this case, the court in *Roman* appeared to mention the attorney's representation regarding the statute of limitations only for the purpose of determining Virginia was a suitable alternative forum. *See* 75 Ca. Rptr. 3d at 838. And, the representation before the *Roman* court materially differed from the representation by Harbor Freight before the California court here, in that the attorney in *Roman* stated the statute of limitations "would be tolled," not that his client would be *willing* to agree to toll the statute. *Compare id*. *with* ECF No. 7-3 at 7, 13. *Roman* did not address whether an unaccepted offer to enter into a tolling agreement is itself binding, and is therefore not applicable here.

Fed. R. Civ. P. 6(a). It does not govern the duration of a privately negotiated tolling period.[5] *See* Fed. R. Civ. P. 6, Advisory Committee Notes to 2009 Amendments (clarifying that subdivision (a) governs the computation of any time period found in these rules, in any local rule or court order, or in any statute that does not specify a method of computing time); *cf. Jones v. Ga. Pacific Corp.*, 90 F.3d 114, 117 (5th Cir. 1996) (holding Rule 6(a) did not extend a deadline for exercising an option under a private contract when the deadline fell on a Sunday because "Rule 6 does not apply ordinarily to private contracts"). Thus, the precise terms of any undertaking by Harbor Freight to toll the statute of limitations are the only terms that govern when the tolling period ends. Because the ninety-fourth day fell on May 3, 2026, the tolling period expired on May 3, 2026. Rule 6(a) cannot extend that privately established period to the following business day.

The Court recognizes this may be a harsh result, especially in the face of such a tragic incident. However, after reviewing the parties' briefing and the limited evidence before it, the Court is unconvinced by Simpson's alternative arguments for equitable tolling. Though Harbor Freight may suffer little prejudice from a one-day filing difference, the Court finds Simpson has not sufficiently alleged extraordinary circumstances explaining why she could not have filed the Complaint on, say, Friday, May 1, 2026— which would have still been almost a year since the nearly identical California complaint was dismissed. *See Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2000) ("[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant

---

[5] The parties do not dispute that a tolling agreement is a contract. *See* ECF Nos. 6-1 at 12-14; 9 at 9-13; *see also, e.g.*, *U.S. Dep't of Labor v. Serenity Home Health Care LLC*, No. 1:22-cv-803, 2023 WL 4549581, at *6 (E.D. Va. July 14, 2023) ("The Tolling Agreement is a contract and as such, [] contract law will govern its construction and interpretation"); *Dev. Surety and Indem. Co. v. Belcher*, No. SAG-16-1124, 2017 WL 896861, at *4 n.1 (D. Md. Mar. 7, 2017) (finding when the defendants accepted the offered tolling agreement, "all the elements of a valid contract were present and the contract became binding on both parties.").

the rules of clearly drafted statutes"); *Chao v. Va. Dept. of Transp.*, 291 F.3d 276, 283 (4th Cir. 2002) ("Equitable tolling is not appropriate . . . where the claimant failed to exercise due diligence in preserving his legal rights." (citation modified)); *Spencer v. Sutton*, 239 F.3d 626, 630 (4th Cir. 2001) ("[E]quitable tolling is available only in those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result."(citation modified)). Unfortunately, the Court is compelled to find that Simpson's wrongful death claims are barred by the applicable statute of limitations and must accordingly dismiss these claims.[6]

## II. Whether Simpson's Requests for Punitive Damages Are Barred or Inadequately Pled

Harbor Freight further argues Simpson's requests for punitive damages should be stricken or dismissed. ECF No. 6-1 at 15-18. Under South Carolina law, "[p]unitive damages may be awarded only if the plaintiff proves by clear and convincing evidence that his harm was the result of the defendant's willful, wanton, or reckless conduct." S.C. Code Ann. § 15-32-520. The test to determine whether conduct is reckless, willful, or wanton is "whether it has been committed in such a manner or under such circumstances that a reasonable person of ordinary reason or prudence would have been conscious of it as an invasion of the plaintiff's rights." *Berberich v. Jack*, 709 S.E.2d 607, 612 (S.C. 2011).

As an initial matter, Simpson concedes punitive damages are not recoverable on her strict liability claims or breach of warranty claims. *See* ECF No. 9 at 15; *see also Barnwell v. Barber-Colman Co.*, 393 S.E.2d 162, 535-36 (S.C. 1989) (answering certified question and holding that punitive damages are not recoverable in a cause of action based solely upon a theory of strict

[6] Simpson briefly argues the statute is tolled as to any minor Plaintiffs. ECF No. 9 at 14-15. However, she references only plaintiffs from the California action who are not named as plaintiffs in the present action. This argument is accordingly disregarded.

liability); *Rhodes v. McDonald*, 548 S.E.2d 220, 222 (S.C. Ct. App. 2001) (holding punitive damages are not available in breach of warranty cases). The Court accordingly strikes Simpson's requests for punitive damages in her causes of action for strict liability and breach of warranty.

As to Simpson's remaining claims, the Complaint alleges Harbor Freight (1) knew that portable generators such as the Subject Generator have caused injury and death, (2) had already developed automatic shut-off technology to prevent such injury and death, and (3) knew about both the risk of carbon monoxide poisoning *and* had begun incorporating automatic shut-off technology in some of its portable generators "long before" the subject incident. ECF No. 1-1 ¶¶ 24, 26-30, 33-37. Simpson alleges Harbor Freight "knew about these risks as long as they sold the [Subject Generator]." *Id.* ¶ 36. Harbor Freight argues Simpson has inadequately pled punitive damages because the Complaint does not identify when the Subject Generator was sold, so there are no facts establishing Harbor Freight had knowledge of the dangers of the Subject Generator when it sold the Subject Generator. ECF No. 6-1 at 16-18. However, this information can be readily determined through discovery, and Harbor Freight will have opportunity to reassert this argument after further development of the record. At this stage, the Court finds Simpson's allegations are sufficient to put Harbor Freight on notice of the basis of its claim for punitive damages. *See, e.g.*, *Integrity Worldwide, Inc. v. Int'l Safety Access Corp.*, No. 0:14-cv-0213-MBS, 2015 WL 1297823, at *5 (D.S.C. Mar. 23, 2015) ("So long as the plaintiff pleads facts to the effect that the defendant acted willfully, maliciously, or with a reckless disregard for the plaintiff's rights, their request for punitive damages will pass Rule 12(b)(6) muster); *Harrison v. Davol, Inc.*, No. 8:17-1033-TMC, 2017 WL 10109447, at *6-7 (D.S.C. Nov. 8, 2017) (finding the allegations supporting punitive damages were sufficient at the motion to dismiss stage of litigation).

## CONCLUSION

For these reasons, Harbor Freight's Motion to Dismiss [ECF No. 6] is **GRANTED IN PART** and **DENIED IN PART**.[7] The Motion is **GRANTED** as to Simpson's wrongful death claims and these claims are accordingly **DISMISSED**. As to the survival claims, Harbor Freight's Motion is **GRANTED** in that Simpson's requests for punitive damages in her strict liability and breach of warranty claims are **STRICKEN**. The Motion is otherwise **DENIED**. Hence, the remaining claims in this action are as follows: (1) survival claim for strict product liability (without request for punitive damages); (2) survival claim for product liability- negligence; and (3) survival claim for breach of express and implied warranties (without request for punitive damages).

**IT IS SO ORDERED**.

United States District Judge

November 5, 2026
Greenville, South Carolina

[7] This holding applies to the Doe Defendants 1-50 for the same reasons.